Mr. Ernie Witt Witt Law Firm, P.C. 800 N. 3rd, P.O. Box 286 Ozark, AR 72949
Dear Mr. Witt:
You have requested an official Attorney General's opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records that have been requested under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that you represent a former employee of the Arkansas State Police whose personnel records have been requested by the Southwest Times Record. The requester did not identify specific documents sought, but rather, stated a broad request for "personnel files." I have not been provided with copies of the records in your client's personnel files.
I am directed by law to issue my opinion as to whether the determination of the custodian of the records regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). You have provided a copy of the notice of the FOIA request received by client from the custodian of the records. The notice does not indicate whether the custodian intends to release the records or not. I therefore cannot evaluate the custodian's determination. Moreover, because I do not have copies of the records in question, I cannot make a definitive determination concerning the releasability of any record in the file. Nevertheless, I will provide my analysis of the releasability of "personnel files" generally.
As an initial matter, I note that this office, relying on Watkins, TheArkansas Freedom of Information Act (3rd Ed. 1998) at 134, has consistently opined that the open records requirements of the FOIA apply to former employees as well as to current employees. See, e.g., Ops. Att'y Gen. Nos. 95-131; 90-089.
Records that are maintained in personnel files can usually be classified either as "personnel records" or "employee evaluation/job performance records." The difference between the two is significant, because the standards for releasing the two differ.
Personnel Records
Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of the personal privacy" of the employee who is the subject of the records. A.C.A. §25-19-105(b)(12).
The FOIA does not define the term "personnel record." However, this office, relying on Watkins, supra, has consistently opined that "personnel records" are all records other than "employee evaluation/job performance records" (see discussion below) that pertain to individual employees, former employees, and successful job applicants. See, e.g.,
Ops. Att'y Gen. Nos. 2001-055; 2000-130.
Once it has been determined that a particular record is a "personnel record," the ensuing issue is whether its release would constitute a clearly unwarranted invasion of the personal privacy of the employee in question. The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether the release of any particular records would constitute a "clearly unwarranted invasion of personal privacy," under this balancing test, is a question of fact that must ultimately be made by the custodian, based upon all of the circumstances surrounding the situation. See Ops. Att'y Gen. Nos. 98-001; 94-119.
The standard discussed above must be applied to any records in your client's personnel file that constitute "personnel records."
Employee Evaluation/Job Performance Records
Under the FOIA, "employee evaluation/job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). An obvious presupposition of the foregoing test for releasability is that the employee in question was suspended or terminated.
Again, the FOIA does not define the phrase "employee evaluation/job performance record," nor has the phrase been construed judicially. The Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See,e.g., Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 2001-154; 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If your client was neither suspended nor terminated from the State Police, any records in his personnel file that constitute "employee evaluation/job performance records" cannot be released. If he was suspended or terminated, the three-part test set forth above must be applied. The first two prongs of that test are factual matters that are readily determinable. The more difficult determination is the third,i.e., whether there is a "compelling public interest" in any employee evaluation/job performance records in his file.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all the facts and circumstances attendant to the particular case. Professor Watkins, cited previously, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") I have previously opined that the public has a compelling interest in records that reflect the conduct of public school teachers during school hours and school-related events, where such conduct directly impacted students.See Ops. Att'y Gen. Nos. 2001-144 and -146.
These are the matters that must be considered in evaluating the releasability of any "employee evaluation/job performance records" in your client's personnel file.
It should be noted that any record in your client's file that contains both exempt and non-exempt information must be released, with the exempt information redacted. A.C.A. § 25-19-105(f). The FOIA's specifically exempt information is listed in A.C.A. § 25-19-105.
Finally, I note that the Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. SeeMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
If the custodian of the records determines factually that any information in your client's file meets the three prongs of test laid out by theMcCambridge court, he must then consider whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs any privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the information available to the custodian.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General